Kapoor v. Garland

BIA
Christensen, IJ
A205 942 440

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand twenty-three.

PRESENT:

RICHARD J. SULLIVAN,
ALISON J. NATHAN,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

VIPUN KAPOOR,
*Petitioner*,

v.                                                              **21-6240**
                                                               **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:** Suraj Raj Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Sarah K. Pergolizzi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Vipun Kapoor, a native and citizen of India, seeks review of a March 26, 2021 decision of the BIA affirming a December 18, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vipun Kapoor*, No. A 205 942 440 (B.I.A. Mar. 26, 2021), *aff'g* No. A 205 942 440 (Immigr. Ct. N.Y.C. Dec. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and review questions of law and the application of law to fact de novo. *See Yanqin Weng v. Holder*, 562

2

F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum or withholding of removal must establish past persecution or a sufficient likelihood of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal quotation marks omitted); *see also Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 342 (2d Cir. 2006) ("[I]t is well established that private acts may be persecution if the government has proved unwilling to control such actions.").

"Under the unwilling-or-unable standard, 'a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated

3

a complete helplessness to protect the victims.'" *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quoting *Galina v. INS*, 213 F.3d 955, 958 (7th Cir. 2000)). Notably, "[m]embers of a political party are not the government," and therefore "for mistreatment inflicted by party members to amount to persecution, an applicant must show that the government was unwilling or unable to control the attackers." *Id.* at 115.

Kapoor alleged that he was assaulted by and feared persecution from members of his girlfriend's family and associates, who objected to their relationship and potential marriage because he and his girlfriend were of different castes and religions. He therefore had the burden to establish that (1) his attackers were government actors, or (2) if they were private actors, the government was unwilling or unable to control them. To this end, Kapoor affirmed that his girlfriend's family members and fellow members of the Badal Party assaulted him three times in an effort to break up the relationship before he fled India for the United States. While he and his mother reported the first assault, he testified that he did not report the later assaults because the police did not act on the first report and he believed the police were aligned with the Badal Party.

On this record, Kapoor did not establish that his attackers were government actors. Members of a political party, even one in power, are not the government. *Id.* Kapoor presented no evidence, other than his own speculation, that his attackers were linked to government officials or the police as to demonstrate that the purported assaults were anything more than a personal dispute over his relationship. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Even if we were to accept that Kapoor's attackers were members of the Badal Party with some influence over local officials, Kapoor still did not show that they were themselves public officials or that they acted on the instructions of any government official.

Kapoor also did not show that the government was unable or unwilling to protect him. He did not provide evidence other than his own speculation that his girlfriend's family had been in contact or had influence with the police. *Cf. Pan v. Holder*, 777 F.3d 540, 545 (2d Cir. 2015) (remanding where petitioner credibly testified that the police would ignore reports of persecution unless they "receiv[ed] something in exchange" and the allegation was supported by country conditions

5

evidence and testimony of a similarly situated witness). And although the country conditions evidence indicates that honor killings remain a problem in India, it does not reflect that the government condones them or refuses to intervene. A 2017 State Department report and a 2019 report from the Immigration and Refugee Board of Canada note that honor killings by families objecting to inter-faith or inter-caste marriages continued to be a problem in Kapoor's home state of Punjab. However, the State Department report reflects that India's supreme court solicited suggestions from non-governmental organizations about how to end the practice, and there was evidence demonstrating that honor killings (including one of a lower-caste man involved with an upper-caste woman and one committed by a government official) were investigated. Moreover, the Indian constitution prohibits caste discrimination, and reporting reflects that the influence of the caste system has greatly declined and inter-caste marriages have become more common. On this record, the agency reasonably concluded that Kapoor did not meet his burden to establish that government authorities would be unwilling or unable to protect him. *See Scarlett*, 957 F.3d at 328. Because Kapoor failed to establish eligibility for asylum, he "necessarily" failed to meet his burden for withholding of removal. *See Lecaj*

*v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

Nor did Kapoor demonstrate that he would "more likely than not" be tortured if he were forced to return to India as to warrant withholding of removal under the CAT. 8 C.F.R. § 1208.16(c)(2). "Torture is . . . any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted," and "is an extreme form of cruel and inhuman treatment [that] does not include lesser forms of cruel, inhuman[,] or degrading treatment or punishment." *Id.* § 1208.18(a)(1), (2). "In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal," the agency must consider "(i) Evidence of past torture inflicted upon the applicant; (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured; (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and (iv) Other relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3)(i)–(iv).

The IJ did not err in concluding that Kapoor's past assaults did not rise to the level of torture because the first assault left him with scratches on his knees and arms and did not require hospitalization; the second assault caused his arm

to swell and a village doctor treated him at home with an ointment; and he did not testify to requiring any medical treatment after the third incident, when his girlfriend's father and brother slapped him and he pushed the father. "[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution." *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006). Given the country conditions evidence of government efforts to curb honor killings and prohibitions on caste discrimination, as well as the absence of past torture, substantial evidence supports the conclusion that Kapoor failed to demonstrate that he would face the requisite likelihood of future torture were he to return to India. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court